IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AHMARI CAMP, | ) | |
| | ) | Civil Action No. 20 – 648 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | District Judge Joy Flowers Conti |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| ORLANDO HARPER, JEFFREY MANNING, and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | ) ) ) ) | |
| Respondents. | | |

### MEMORANDUM ORDER

Pending before the Court is an Amended Petition for Writ of Habeas Corpus ("Petition") filed pursuant to 28 U.S.C. § 2254 by Petitioner Ahmari Camp ("Petitioner"), a/k/a Ahmari Camp Bey, wherein he challenges his judgment of sentence out of the Court of Common Pleas of Allegheny County at CP-02-CR-9057-2017.[1]  (ECF No. 3.)

First, it does not appear that this action was initiated by Petitioner himself.  Instead, the Petition is signed by an individual named Harun Bey who states that he is signing the Petition as next friend of Ahmari Camp Bey who "is unable to sign due to being held hostage at the Allegheny County Jail."  (ECF No. 3, p.15.)   However, Harun Bey cannot proceed as a next

---

[1] The docket for Petitioner's criminal case reveals that he was originally charged with twelve separate counts arising out of an incident that occurred on May 31, 2017.  On August 7, 2018, he pled nolo contendere to one count of possession of a firearm with the manufacturer number altered and the remaining counts were withdrawn.  He was sentenced to a term of imprisonment of one year less one day to two years less one day to be followed by a six-month term of probation.  The docket reveals that a Probation Violation Report was entered on December 13, 2019.

friend in federal court without an attorney and without a further showing that Petitioner cannot appear on his own behalf for some legitimate reason.  The relevant law with respect to next friend status is as follows:

> A "next friend" is one who pursues an action on behalf of the real party in interest, when that person cannot appear on her own behalf for some legitimately recognized reason "such as inaccessibility, mental incompetence, or other disability."  Whitmore v. Arkansas, 495 U.S. 149, 163 (1990).  "Next friend" standing is proper where the "next friend" applicant has a significant relationship with the real party in interest, and the "next friend" applicant is "truly dedicated to the best interests of the person on whose behalf [s]he seeks to litigate."  Id. at 163-64 (citations omitted).

Bush v. Goodall, 732 F. App'x 135, 137 (3d Cir. 2018).  As the Third Circuit observed in Bush, 28 U.S.C. § 1654 allows a person to appear in federal courts as a plaintiff on his own behalf, but to allow a nonlawyer to litigate a claim on behalf of another person unduly risks the loss of the plaintiff's legal rights.  Id.

Petitioner is free to file a petition for writ of habeas corpus on his own behalf. Additionally, Harun Bey is free to retain an attorney and seek appointment as Petitioner's next friend.  However, until such time that occurs, the Clerk shall administratively close this case.

Next, notwithstanding the aforementioned defect, the undersigned notes that even if Petitioner submitted the Petition in his own right, it would be subject to dismissal under Rule 4 of the Rules Governing Section 2254 Cases, which states in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The supporting facts to the single claim in the Petition are as follows:

> Moors are not, nor ever have been, a "14th amendment Citizen" of the U.S. Corporation company, nor a "US Citizen", "Federal Citizen" or a "US citizen". See title 28, chapter VI subchapter 176 subsection 3002 of the United States code – The United States is a Federal Corporation, not a country; and the

> Congressional Records: the proceedings and debates of the 90th Congress, 1st Session, Vol 113 part 12, June 12, 1967 stating that the 14th Amendment is unconstitutional, meaning the united States do not have personam jurisdiction over Moors, branded 'black' and others who are not citizens of the several States. Therefore, any and all issues or disputes between a citizen of the United States and a national or citizen of a foreign state or country, such as Morocco and the Moorish Americans, must be litigated in international court, consular court, or federal court with consul's present.  Due to the issue of diversity of citizenship and nationality between Moors and the several States known as 'The United States' and the fact that any litigations in State Courts without prescribed jurisdiction is a violation of said Moors constitutional and treaty rights, thus also raising the federal question, all issues or disputes between Moors and united States citizens must be litigated within federal courts with prescribed jurisdiction. Any further issues or disputes that the State Courts or other U.S. Citizens may have be litigated in federal court with consuls from the Moroccan/Moorish nation present.

(ECF No. 3-1, p.4.)  Reduced to its essence, the claim is that Petitioner is a "Moorish American" and that, based on his ancestry, the Commonwealth of Pennsylvania did not have jurisdiction to prosecute and imprison him.  Instead, he maintains that his case should have been litigated in federal court with a consul of the Moorish nation present.

This, and similar claims based on an alleged status as a "Moorish American" have been consistently rejected by courts.  *See* No. 13-CV-3045, <u>Smith v. Warden</u>, 2013 WL 5652506, at *1 (E.D.N.Y. Oct. 15, 2013) ("Petitioner was also notified that to the extent he claimed that the courts of the United States of America lack jurisdiction over him because he is a Moorish National, such claim is meritless."); <u>Ward-El v. Barrett</u>, No. 12-14282, 2012 WL 5929928, at *4 (E.D. Mich. Nov. 27, 2012) ("An individual's identity as a Moorish-American does not deprive the State of jurisdiction over him."); <u>Wright-El v. Jackson</u>, No. 2:12-cv-6, 2012 WL 3614452, at *2 (W.D.N.C. Aug. 21, 2012) (rejecting as frivolous claim that state court lacked jurisdiction to convict habeas petitioner because he is a Moorish National); <u>Jackson-El v. State and Federal Plaintiffs in General</u>, No. 1:11-cv-278, 2011 WL 1584606, at *1 (W.D. Mich. Apr. 26, 2011)

(finding frivolous petitioner's argument that he is not subject to the jurisdiction of any federal or State court because he is a Moorish-American and "any punishment or relief against him must be pursued under a treaty between this country and Morocco."); Mikell v. United States, Nos. CV609-065, CR606-026, 2011 WL 830095, at *1 n.2 (S.D. Ga. Jan. 26, 2011) (finding the defendant's claim that the United States has no jurisdiction over him because he is of "Moorish" descent to be non-sensical), *report and recommendation adopted*, 2011 WL 833550 (S.D. Ga. Mar. 3, 2011); Bey v. Bailey, No. 09 Civ. 8416, 2010 WL 1531172, at *4 (S.D.N.Y. Apr. 15, 2010) ("[T]he suggestion that Petitioner is entitled to ignore the laws of the State of New York by claiming membership in the "Moorish-American" nation is without merit and cannot be the basis for habeas relief."); Allah El v. Dist. Attorney for Bronx Cnty., No. 09-8746, 2009 WL 3756331, at *1 (S.D.N.Y. Nov. 4, 2009) ("Petitioner's purported status as a Moorish-American citizen does not enable him to violate state and federal laws without consequence"); Brockman-El v. N.C. Dept. of Corr., No. 1:09CV633, 2009 WL 10702554, at *1 (M.D.N.C. Sept. 15, 2009) (considering petitioner's claim that he is exempt from prosecution because of the treaty of friendship due to his status as a Moor and stating that the treaty of friendship "does not contain any language providing immunity from criminal prosecution by any state or deprive any state of the jurisdiction to prosecute an individual for violations of state criminal law."), *report and recommendation adopted*, 2009 WL 10702555 (M.D.N.C. Dec. 28, 2009); *see also* Pitt-Bey v. District of Columbia, 942 A.2d 1132, 1136 (D.C. Cir. Feb. 14, 2008) (claim that the United States and its states and territories did not have jurisdiction over appellant who identified as Moorish-American and maintained that he was immune from prosecution under the Moroccan-American Treaty of Peace and Friendship was without merit); United States v. Burris, 231 F. App'x 281, 282 (4th Cir. 2007) (claim that court lacked jurisdiction because of the defendant's

status as a Moorish American National was patently frivolous). The Court is aware of no instance where such a claim has succeeded or even been recognized as potentially viable. Accordingly, Petitioner should be aware that he would not be entitled to relief if he were to file a petition asserting any such claim based on his alleged status as a Moorish-American.

**AND NOW**, this 11th day of June, 2020,

**IT IS HEREBY ORDERED** that the Clerk of Court administratively close this case.

**IT IS FURTHER ORDERED** that the Clerk of Court mail a copy of this Order to Ahmari Camp at the Allegheny County Jail.

**IT IS FURTHER ORDERED** that this case can be reopened upon the filing of a petition for writ of habeas corpus signed by Ahmari Camp or by Harun Bey if he retains an attorney and seeks appointment as Ahmari Camp's next friend.

**AND IT IS FURTHER ORDERED** that, in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Civil Rule 72.C.2., the parties are allowed fourteen (14) days after the date of service of this Order to file objections to the determinations made herein, which shall specifically designate the parts of the order objected to and the basis for the objection. Any party opposing the objections shall have fourteen (14) days from the date of service of the objections to respond thereto. Failure to file a timely objection shall constitute a waiver of any appellate rights.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

Cc: Ahmari Camp
   c/o 218 Jucunda Street
   Pittsburgh, PA  15210

   Ahmari Camp
   184667
   Allegheny County Jail
   950 Second Avenue
   Pittsburgh, PA  15219